UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FACEBOOK, INC., et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>ENSAR SAHINTURK,<br><br>        Defendant. | Case No. 20-cv-08153-JSC<br><br>**ORDER RE: PLAINTIFFS' MOTION FOR ALTERNATIVE SERVICE**<br><br>Re: Dkt. No. 17 |

Facebook and Instagram bring this trademark infringement and cybersquatting action against Ensar Sahinturk, a resident of Istanbul, Turkey. Plaintiffs have attempted to locate Mr. Sahinturk's physical address in Turkey to serve him through the Hague Convention, but they have been unable to do so. As such, Plaintiffs seek leave to serve Mr. Sahinturk via alternative email service under Federal Rule of Civil Procedure 4(f)(3). (Dkt. No. 17.[1]) After carefully considering Plaintiffs' motion and the relevant legal authority, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), VACATES the September 30, 2021 hearing date, and GRANTS the motion for alternative service.

**BACKGROUND**

Plaintiffs allege that since at least August 2017, Mr. Sahinturk has "created and maintained a network of 'clone' Instagram websites and web viewers[] which displayed Instagram users' public profiles without their knowledge or consent." (Complaint at ¶ 1.) Mr. Sahinturk allegedly used automated software to "scrape" or otherwise improperly collect Instagram users' publicly viewable profiles, including photos, videos, and profile information. (*Id*.) The automated software

---

[1] Record Citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.

was able to "evade[] Instagram's technical restrictions by falsely identifying itself as a legitimate Instagram user's Android device connected to the official Instagram mobile application." (*Id*.) Using this software, Mr. Sahinkturk was able to scrape and republish the information of over 100,000 Instagram users. (*Id*.) Plaintiffs have taken technical and legal actions against Mr. Sahinkturk including disabling accounts and sending cease and desist letters, but his misuse of this information continues. (*Id*. at ¶ 2.)

In November 2020, Plaintiffs filed this action alleging breach of contract, trademark infringement, cybersquatting, and unjust enrichment seeking to stop Mr. Sahinkturk's continued misuse of their platforms and for compensatory and punitive damages. (Dkt. No. 1.) Shortly after the action was filed, Plaintiffs emailed a copy of the complaint and summons to the email address that Mr. Sahinturk used to register his clone sites (esahinturk@gmail.com), and requested that he waive service. (Dkt. No. 1-1 at 19-36; Dkt. No. 17-1 at ¶ 4.) At the same time, Plaintiffs retained a process server experienced with international litigation to assist with service in accordance with the Hague Convention. (*Id*. at ¶ 2.) On March 1, 2021, the process server, Celeste Ingalls, advised Plaintiffs' counsel that the translated documents required for service had been sent to the Turkish Ministry of Justice and that service under the Hague Convention could take up to eight months. (*Id*. at ¶ 3.)

On August 13, 2021, Plaintiffs received a certificate of nonservice from the Turkish Ministry of Justice, citing "insufficient address" as the reason service was not completed. (*Id*.) Prior to receipt of the certificate of non-service, Plaintiffs emailed Mr. Sahinturk at esahinkturk@gmail.com several times requesting that he waive formal service. (*Id*. at ¶ 4.) On July 31, 2021, an individual named Azat Metin responded to an email from Plaintiffs' counsel to esahinturk@gmail.com regarding a stipulation to continue the case management conference. (*Id*. at ¶ 5.) Mr. Metin copied esahinturk@gmail.com on his email and requested a Zoom meeting. (*Id*.) A few days later, Mr. Sahinturk emailed Plaintiffs' counsel using the esahinturk@gmail.com email address. (*Id*.)

On August 6, 2021, Plaintiffs' counsel met with Mr. Sahinturk via Zoom and again requested that he return the waiver of service form. (*Id*. at ¶ 6.) Since then, counsel has sent five

follow-up emails requesting that Mr. Sahinturk waive service and provide his physical address. (*Id*. at ¶ 6.)  Neither Mr. Sahinturk nor Mr. Metin have responded to the emails. (*Id*.)

On August 17, 2021, Facebook's investigative team conducted further follow-up to find Mr. Sahinturk's physical address, including through researching registrations and address details for other businesses associated with Mr. Sahinturk, running online searches, and reviewing public records, but they were unable to determine his physical address.  (*Id*. at ¶ 7.)  This motion followed.

## DISCUSSION

Federal Rule of Civil Procedure 4(f) provides the applicable authority for serving an individual in a foreign country. Under Rule 4(f)(3), courts can order service through a variety of methods, "including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email[,]" so long as the method of service is not prohibited by an international agreement. *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002) (citation omitted). "However, the fact that an alternative method of service is not prohibited by international agreement does not mean that the plaintiff is entitled to use such a method under Rule 4(f)(3)." *Keck v. Alibaba.com, Inc*., 330 F.R.D. 255, 257–58 (N.D. Cal. 2018). It is within a court's "sound discretion" to determine whether "the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)." *Rio Properties*, 284 F.3d at 1016.

To comport with due process, alternate service of process must be "reasonably calculated to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id*. at 1016–17 (citation omitted). Service by email may be proper where (1) international agreement does not prohibit service by email, and (2) service by email is reasonably calculated to provide actual notice to the defendant. *See D.Light Design, Inc. v. Boxin Solar Co*., No. C–13–5988 EMC, 2015 WL 526835, at *1 (N.D. Cal. Feb. 6, 2015) (collecting cases). Plaintiffs have made a sufficient showing that alternative service by email is warranted here.

First, international agreement does not prohibit service by email here.   Both the United

3

States and Turkey are parties to the Hague Convention. *See* Hague Service Convention Status Table, http://www.hcch.net/index_en.php?act=conventions.status&cid=17 (last visited Sept. 14, 2021). Although compliance with the Hague Service Convention is mandatory, Article 1 of the Hague Service Convention states that it does not apply "where the address of the person to be served with the document is not known." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699 (1988); Hague Service Convention art. 1. Plaintiffs have met their burden of demonstrating that Mr. Sahinturk's address is "not known" because they have repeatedly requested that he provide them with his physical address and have conducted their own investigation into his address—all to no avail. (Dkt. No. 17-1 at ¶¶ 3, 6-7.)

Second, Plaintiffs have demonstrated that service by email comports with due process. Plaintiffs have corresponded with Mr. Sahinturk at the email address which they propose to use for service, esahinturk@gmail.com, and have thus demonstrated that it is a real email address that he uses. *See, e.g., See Hillbroom v. Lujan*, 2010 WL 11515374, at *2 (C.D. Cal. May 3, 2010) (permitting service of foreign individual by email where individual used the subject email address to communicate with counsel); *Goes Int'l, AB v. Dodur Ltd.*, No. 14-CV-5666, 2015 WL 1743393, at *3 (N.D. Cal. Apr. 16, 2015) (same). Under these circumstances, service of the summons and complaint on Mr. Sahinturk at this email address is reasonably calculated to provide him notice of the lawsuit and provide him an opportunity to present any objections.

## CONCLUSION

For the reasons stated above, the Court GRANTS Plaintiffs' motion to serve Mr. Sahinturk by alternative email service.

This Order disposes of Docket No. 17.

**IT IS SO ORDERED.**

Dated: September 21, 2021

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge