UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FACEBOOK, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> ENSAR SAHINTURK, <br><br> Defendant. | Case No. 20-cv-08153-JSC <br><br> **ORDER RE: PLAINTIFF'S MOTION FOR ATTORNEYS' FEES** <br><br> Re: Dkt. Nos. 34, 37, 38 |

Facebook, Inc. and Instagram, LLC ("Plaintiffs") filed suit against Ensar Sahinturk, alleging cybersquatting and trademark dilution in violation of the Lanham Act, 15 U.S.C. §§ 1125(c) and (d), and state law claims of breach of contract and unjust enrichment. The Court previously granted Plaintiffs' motion for default judgment and ordered Plaintiffs to submit documentation in support of their request for attorneys' fees and costs. (Dkt. No. 34.) Plaintiffs have since done so (Dkt. Nos. 37, 38), and the Court GRANTS the motion for attorneys' fees and costs as set forth below.

## DISCUSSION

### A. Entitlement to Fees

Under the Lanham Act, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). An "exceptional" case is "one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014); *see also SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1181 (9th Cir. 2016) (holding that *Octane Fitness's* test for exceptional cases applies to Lanham Act claims).

1    "Courts applying the *Octane Fitness* analysis commonly find that willful infringement, in
2    conjunction with non-participation in litigation, makes a case 'exceptional.'" *ADG Concerns, Inc.*
3    *v. Tsalevich LLC*, No. 18-CV-00818-NC, 2018 WL 4241967, at *13 (N.D. Cal. Aug. 31, 2018)
4    (collecting cases), report and recommendation adopted, No. 18-CV-00818-JSW, 2018 WL
5    6615139 (N.D. Cal. Nov. 1, 2018). Both factors are present here. As the Court found when
6    awarding statutory damages on Plaintiffs' cybersquatting claim:

> [Mr. Sahinturk] scraped data without authorization from publicly-available Instagram user content, used the IG Marks on his clone sites without authorization, monetized those sites by running ads on them, continued his infringing conduct after receiving multiple cease and desist letters, and concealed his identity as the registrant of the domain names. Further, Mr. Sahinturk has failed to defend this action, which evidences an attitude of contempt toward the court or the proceedings.

11   (Dkt. No. 34 at 17.) Because Mr. Sahinturk's conduct here was exceptional, an award of
12   attorneys' fees is appropriate.

### B. Reasonableness of Fees Sought

14   Plaintiffs seek $154,580 in attorneys' fees for 214 hours of work. (Dkt. No. 38-1 at ¶ 4.)
15   The lodestar method is the appropriate method for evaluating the reasonableness of Plaintiffs'
16   attorneys' fees; "the lodestar figure is calculated by multiplying the number of hours the prevailing
17   party reasonably expended on the litigation (as supported by adequate documentation) by a
18   reasonable hourly rate for the region and for the experience of the lawyer." *In re Bluetooth*
19   *Headset Prod. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011) (citation omitted). "Only in rare or
20   exceptional cases will an attorney's reasonable expenditure of time on a case not be commensurate
21   with the fees to which he is entitled." *Cunningham v. Cty. of Los Angeles*, 879 F.2d 481, 488 (9th
22   Cir. 1988) (emphasis in original).

23   Plaintiffs' request for attorneys' fees is supported by a declaration from Ann Marie
24   Mortimer, attorney of record for Plaintiffs Meta Platforms, Inc. (f/k/a/ Facebook, Inc.) and
25   Instagram, LLC, and a separate submission which includes counsels' detailed billing records.
26   (Dkt. Nos. 37-3; 38-1.) According to the Mortimer Declaration, Plaintiffs incurred $430,000 in
27   fixed attorneys' fees pursuant to their fee arrangement with counsel. (Dkt. No. 38-1 at ¶ 2.)
28   Plaintiffs' actual attorneys' fees under the lodestar method were $283,267 for 361 hours of work.

1   (Dkt. No. 38-1 at ¶¶ 2, 4.) However, Plaintiffs have further reduced the fees sought here and
2   limited their request to $154,580 for fees related to: "(1) the initial case strategy and investigation;
3   (2) the motion for alternative service; and (3) the motion for default judgment." (*Id.* at ¶ 5.)

4         The Court finds that the number of hours for which Plaintiffs seek fees—214— is
5   reasonable. Plaintiffs both limited the categories of time for which they seek fees and reduced the
6   hours sought within the three categories above. Most notably, while counsel attests that they spent
7   308.6 hours on the motion for default—an extraordinarily high number of hours for an
8   uncontested motion—counsel seeks fees for 161.60 hours, which is in keeping with fees sought
9   and awarded in similar cases. (Dkt. No. 38-1 at ¶ 14.) *See, e.g.*, *Facebook, Inc. v. 9 Xiu Network*
10  *(Shenzhen) Tech. Co.*, No. 19CV01167JSTAGT, 2021 WL 5707741, at *8 (N.D. Cal. Oct. 21,
11  2021), report and recommendation adopted, No. 19-CV-01167-JST, 2021 WL 5707740 (N.D. Cal.
12  Nov. 16, 2021) (finding that 488.2 hours billed was reasonable given "that a considerable amount
13  of work was required to attempt to serve them with process and to move for default judgment.");
14  *ADG Concerns, Inc. v. Tsalevich LLC*, No. 18-CV-00818-NC, 2018 WL 4241967, at *14 (N.D.
15  Cal. Aug. 31, 2018), report and recommendation adopted, No. 18-CV-00818-JSW, 2018 WL
16  6615139 (N.D. Cal. Nov. 1, 2018) (finding that "214 hours billed is high for a case that did not
17  proceed past default judgment, [but] counsel's billing spreadsheets account for these hours with
18  what appear to be legitimate efforts at advancing the litigation and advocating for their client.").

19        The Court also finds that counsel's hourly rates here are reasonable given the prevailing
20  rates in this District and the attorneys' experience. (Dkt. No. 38-1 at ¶¶ 7-11.) *See Nitsch v.*
21  *DreamWorks Animation SKG Inc.*, No. 14-CV-04062-LHK, 2017 WL 2423161, at *9 (N.D. Cal.
22  June 5, 2017) (finding that the lead attorneys' hourly rates of "$870 to $1,200 per hour" were
23  reasonable under the lodestar method as were billing rates of $275 to $750 per hour for less
24  experienced counsel.)

25        Accordingly, the Court grants Plaintiffs' request for $154,580 in attorneys' fees.
26  **C. Costs**
27        Having prevailed on their dilution and cybersquatting claims, Plaintiffs are also entitled to
28  recover "the costs of the action." 15 U.S.C. § 1117(a). Plaintiffs seek $13,040 in costs. The costs

were for filings fees and for attempting to effect service through the Hague Service Convention, which required translating case documents. (Dkt. No. 38-1 at ¶ 15 (itemizing costs).) Given the nature of the case, specifically the requirements imposed by international service and the Hague Convention, the Court finds these costs are reasonable, and supported the Mortimer Declaration. (Dkt. No. 38-1.)

## CONCLUSION

For the reasons stated above, the Court GRANTS Plaintiffs' motion for attorneys' fees and costs and awards $154,580 in attorneys' fees and $13,040 in costs.

Plaintiffs' administrative motion to seal portions of their detailed billing records is GRANTED. (Dkt. No. 37.)

This Order disposes of Docket Nos. 37, 38.

**IT IS SO ORDERED.**

Dated: June 17, 2022

JACQUELINE SCOTT CORLEY
United States District Judge